PEOPLE *ex rel.* BALKE *v.* FRENCH *et al.*, Police Commissioners.

(*Supreme Court, General Term, First Department.* June 6, 1890.)

MUNICIPAL CORPORATIONS—REMOVAL OF POLICEMAN.

Relator was dismissed from the police force upon a charge that he was so much under the influence of liquor as to be unfit for duty. His captain and a roundsman both testified that he was under the influence of liquor, but admitted that he was not grossly intoxicated. Relator denied that he had been drinking, and the police surgeon, who examined him about half an hour after he had been taken to the station, testified that he was perfectly sober, and fit for duty. *Held,* that the dismissal should be set aside. VAN BRUNT, P. J., dissenting.

*Certiorari* to review the action of the police commissioners of the city of New York in dismissing relator, Theodore Balke, from the police force of their city.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*Louis J. Grant,* for relator. *E. H. Hawke, Jr.,* for respondents.

BARTLETT, J. It seems to me incredible that this officer could have been perfectly sober and fit to be sent out on post, as the police surgeon proved he was, if he had been so much intoxicated as to be unfit for duty only 35 or 40 minutes before. The police surgeon was apparently called to sustain the charge, and, on his testimony, I think the charge should have been dismissed. The authority of the general term to reverse the decision of the board of police, when it is against the preponderance of evidence, has recently been distinctly upheld by the court of appeals, and, in my opinion, it should be exercised in the present case. *People* v. *French,* 23 N. E. Rep. 1061.

BARRETT, J. I concur with Mr. Justice BARTLETT. The relator seems to have been convicted merely upon the opinion of the officers. Not one of them smelt liquor upon his breath. They all admitted that he was not grossly intoxicated. Indeed, he seems to have walked straight enough, but the officers thought that he staggered slightly as he turned round. Within 40 minutes after this examination, the police surgeon pronounced him perfectly sober, and permitted him to go on duty. The relator denied that he had touched a drop of liquor, except a spoonful of gin and garlic in the morning before his breakfast, and there was not a particle of evidence that he had touched liquor during the day. I think the conviction proceeded upon mere suspicion, and was unsupported by the evidence.

VAN BRUNT, P. J., (*dissenting.*) The relator, a police officer, was dismissed from the police force by the respondents, upon a charge of conduct unbecoming an officer, in that he was so much under the influence of liquor on the 30th of September, 1888, as to be unfit for duty. The relator claims, upon this appeal, that there was no competent proof of the facts necessary to be proved in order to authorize a finding of guilty upon said charge and specification; namely, that he was not proved to be so intoxicated as to render him unfit to do police duty at the time mentioned in the charge. The main ground of the appeal seems to be that the witnesses who were examined simply testified to their opinions, and not to facts. Upon questions of intoxication, the opinions of witnesses are perfectly admissible; and conclusions deduced from such opinions are entitled to the same force as any other conclusion of fact found during the progress of a trial. We think, however, that the counsel for the relator takes a very erroneous view of the force of the testimony, because more than one of the witnesses testifies, not that, in his opinion, the relator was under the influence of liquor, but to the fact that he was under the influence of liquor. Roundsman Carey testified that, on the afternoon in question, he met the relator coming out of the Ashland House; that his coat was half open, and his gloves off; that he asked him if he was on duty, and

he answered ".Yes;" that he noticed that the officer was under the influence of liquor as he came towards him; that he requested him to walk to the station-house with him, which he did; that he charged him with being under the influence of liquor; and that he had no doubt, whatever, as to his condition. This seems to be reasonably direct testimony upon the subject. We have the testimony of other witnesses who came to the conclusion upon an examination of the relator that he was under the influence of liquor, and the captain testifies that he was not grossly intoxicated, but was under the influence of liquor so much that he would not send him on post. There were other circumstances attending the conduct of the relator which tended to establish the truth of the charge, and it is not for us to hold the scales, and determine just how drunk a man can be, and in our opinion be fit for duty. It is a question for the police board to determine if a man at all under the influence of liquor can possibly be fit to do police duty. It is also urged upon the part of the relator that, if the court should hold that there is a *scintilla* of competent proof, there is, upon all the evidence, such a preponderance of proof against the charge that, if a jury had found against the relator, the verdict would be set aside by the court as against the weight of evidence. Upon the contrary, we think that the weight of evidence is upon the other side. The relator contradicted the fact of drinking, it is true; and it is also urged that Dr. Lyon, the police surgeon, who saw the relator some half hour after he was taken in, testified that he was then perfectly sober, and that he would not have suspected any liquor but for the fact that he smelled of peppermint, and that the relator was then fit for duty. But there is no evidence whatever to show that, at the time he was seen by Roundsman Carey, his condition was misdescribed, except so far as this evidence is contradicted by the relator. We see no reason for interfering with the findings of the police board, and the writ should be dismissed, with costs.